UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OFFICE OF THE CLERK
300 NORTH HOGAN STREET, SUITE 9-150
JACKSONVILLE, FLORIDA 32202-4271

**FILED**

Sheryl L. Loesch
Clerk

2005 MAR 14 P 2: 33

Eric Hogue
Jacksonville Division Manager
(904)549-1900

March 9, 2005

U.S. DISTRICT COURT
NEW HAVEN, CT

Clerk, United States District Court
United States District Court
214 Richard C. Lee
  United States Courthouse
141 Church Street
New Haven, CT 06510

> Re:   Transfer of Criminal Case - Magistrate No. 3:05-M-0059TEM
>       United States v. Xiomara Henao; 3:03cr250(JBA) and
>       3:03cr251(CFD)

Dear Sir:

Pursuant to Rule 40 of the Federal Rules of Criminal Procedure, enclosed are certified copies of the following: orders, waiver of removal along with copies of all other pertinent papers.

Please acknowledge receipt of these documents on the bottom of the copy of this letter and return the copy to this office.  Thank you.

SHERYL L. LOESCH, CLERK

BY: _Carl G. Holliman_

DEPUTY CLERK

Enclosures

## ACKNOWLEDGMENT OF RECEIPT OF DOCUMENTS

This is to acknowledge receipt of the above documents in the above

referenced case on this _____ day of _____.

By: _____

_____

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

FILED IN OPEN COURT
2-28-05
CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

**UNITED STATES OF AMERICA**

**vs.**

Xiomara Henao

Case No. 3:05-m-0059TEM

Defense Attorney: James Burke
AUSA: John Sciortino

| JUDGE | THOMAS E. MORRIS U. S. Magistrate Judge | DATE AND TIME | 2-28-05 2:42 = 2:59 |
|---|---|---|---|
| DEPUTY CLERK | Carol J. Holliman | TAPE/REPORTER | DIGITAL |
| INTERPRETER | Yolanda Vargas | PRETRIAL/PROBATION: | Adina Sanchez |

## CLERK'S MINUTES

**PROCEEDINGS: INITIAL APPEARANCE/REMOVAL ON WARRANT OUT OF**

✓Court requested counsel to be present for possible appointment..

✓Interpreter sworn.

___Deft. appeared with retained counsel.

✓Deft. arrested by _USM_ on _today_ on warrant from _Connecticut_

✓Indictment ___Information ___Complaint ___violation of ___ supervised release ___ probation. (Cases: 3:03cr250(JBA))
and 3:03cr251(CFD)

✓Deft. requested court appointed counsel. ✓Deft. placed under oath. ___Based on financial affidavit. Court appoints
PPD
_____ _____ _____with reimbursement upon motion of the govt. -**ORDER**
**TO ENTER.**

✓Deft. ✓advised of rights, charges, penalties and special assessment. ___ advised of rights, charges, penalties of violation of
___supervised release ___ probation.

✓Govt. oral motion for ✓detention ___bond. ___ Govt. ✓Deft. ✓Joint continuance of detention hearing -**GRANTED**/DENIED.
✓Detention hearing set before Magistrate Judge Morris on _3/2/05 at 2:00 pm_ - **ORDER OF**
**TEMPORARY DETENTION TO ENTER.**

___Detention hearing held. Deft. witnesses:_____
**DETENTION TO ENTER** ___ Govt.'s motion for detention **DENIED.** ___ Defendant ordered detained - **ORDER OF**

___Govt. recommended bond -___ **BOND set at** _____
**SEE ORDER SETTING CONDITIONS OF RELEASE TO ENTER.**

___Deft. requested to waive ___identity hearing ___detention ___preliminary examination to be held in the charging district.

___Deft. and counsel executed waiver of Rule 40 Hearings

___Deft ordered removed to the charging district.

___**ORDER OR REMOVAL TO ENTER**

**OTHER:** _____

**FILED IN OPEN COURT:**
___Waiver of Rule 40 Hearings
___ CJA23 Financial Affidavit

H:\chollima\MINUTES\removal.minutes.min.wpd

Certified A True Copy
Sheryl L. Loesch, Clerk
U.S. District Court/MDFL
By: _____

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.

XIOMARA HENAO

ORDER OF TEMPORARY DETENTION
PENDING HEARING PURSUANT TO
BAIL REFORM ACT

CASE NO. 3:05-M-0059-TEM

Upon oral motion of the defendant to continue the detention hearing, the Motion is **GRANTED** and it is **ORDERED** that a detention hearing is set for **March 2, 2005** at **2:00 P.M.** before the Honorable **Thomas E. Morris, United States Magistrate Judge** in **Courtroom No. 5B, Fifth Floor, 300 North Hogan Street, Jacksonville, Florida.** Pending this hearing the defendant shall be held in custody by the United States Marshals and produced for the hearing.

Date: March 1, 2005, nunc pro tunc to
February 28, 2005

THOMAS E. MORRIS
United States Magistrate Judge

Copies to:
Asst. U.S. Attorney (Sciortino)
Asst. Federal Public Defender (Burke)
U.S. Marshal
U.S. Probation
U.S. Pretrial Services

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.

CASE NO.  3:05-M-0059-TEM

XIOMARA HENAO

_____

## O R D E R

The Court has examined the defendant, **XIOMARA HENAO**, under oath and found her without sufficient resources within the meaning of Title 18, United States Code, Section 3006A to employ counsel, and the **Federal Public Defender** is hereby appointed to represent the defendant.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of March, 2005, nunc pro tunc to February 28, 2005.

THOMAS E. MORRIS
United States Magistrate Judge

Copies to:
Asst. U.S. Attorney (Sciortino)
Asst. Federal Public Defender (Burke)

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

F I L E D
3-2-05

CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**

-vs-

**XIOMARA HENAO**

Case No. **3:05-M-0059-TEM**

Defense Atty.: **James H. Burke, Jr.**
AUSA: **John J. Sciortino**

| JUDGE | Thomas E. Morris U. S. Magistrate Judge | DATE AND TIME | **3/2/2005** 2:02-2:31 |
|---|---|---|---|
| DEPUTY CLERK | Carol Holliman | TAPE/REPORTER | **Digital** |
| INTERPRETER | Yolanda Vargas (Spanish) | PRETRIAL/PROBATION: | Patrick D. Sheridan |

## CLERK'S MINUTES

**PROCEEDINGS:    DETENTION/REMOVAL HEARING**

Interpreter placed under oath.

Government's proffer.

Defendant's witness: Paula Gonzalez

Defendant's proffer.

Government's oral motion for detention is **GRANTED - ORDER OF DETENTION TO ENTER.**

### REMOVAL HEARING

Counsel and defendant advised the Court that defendant would be waiving her identity hearing and requested to have all further proceedings in the charging district.

Defendant and counsel executed waiver of Rule 40 Hearings

**ORDER OF REMOVAL TO ENTER**

**FILED IN OPEN COURT:**
**Waiver of Rule 40 Hearings**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

F I L E D
3-2-05

CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FL

**UNITED STATES OF AMERICA**

**v.**

**XIOMARA HENAO**

**Case No.: 3:05-M-0059-TEM**

## WAIVER OF RULE 5(c)(3)HEARINGS

I, XIOMARA HENAO, understand that charges are pending in the District of Connecticut of alleging violation of Title 21 U.S.C. §§846 and 841(a)(1) and that I have been arrested in this district and taken before a United States magistrate judge, who informed me of the charge(s) and my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the Indictment;

(3)     a preliminary hearing (unless an indictment has been returned or information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held in this district or the district of prosecution; and

(4)     request transfer of the proceedings to this district under Rule 20, Fed. R. Crim. P., in order to plead guilty.

**I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):**

☑    identity hearing

☐    preliminary hearing

☐    Identity hearing and have been informed I have no right to a preliminary hearing

☐    Identity hearing and reserve my right to have the detention hearing held in the prosecuting district

☐    identity hearing but request a preliminary hearing to be held in the prosecuting district and, therefore, consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

_____
XIOMARA HENAO

3/2/2005
_____
February 28, 2005

_____
Counsel for the Defendant

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

**UNITED STATES OF AMERICA**

v.

**XIOMARA HENAO**

## COMMITMENT

## TO ANOTHER DISTRICT

CASE No. **3:05-M-0059-TEM**

| CHARGES | | |
|---|---|---|
| **Charging Document** | **Statute** | **Charging District** |
| Indictment | 21 U.S.C. § 846 & 841(a)(1) | District of Connecticut |
| | | 3:03cr250(JBA) and 3:03cr251(CFD) JBA |

**Description:** Conspiracy to Distribute Cocaine; Distribution of Cocaine

### PROCEEDINGS

**BOND STATUS:** Government moved for detention and defendant detained after hearing in District of Arrest. Defendant waived identity hearing and reserved her right to all further hearings in the charging district.

**COUNSEL:** Federal Public Defender

**INTERPRETER:** Interpreter services necessary    Spanish

### TO: THE UNITED STATES MARSHAL

You are hereby commanded to take custody of **XIOMARA HENAO** and to transport the defendant with a certified copy of this Commitment Order forthwith to the Charging District and there deliver him to the United States Marshal for that District or to some other officer authorized to receive the defendant.

March 4, 2005

THOMAS E. MORRIS
UNITED STATES MAGISTRATE JUDGE

### RETURN

| Commitment Order Received: | Place of Commitment: | Date Defendant Committed: |
|---|---|---|
| Date | United States Marshal | By Deputy Marshal |

AO 94 (Rev. 8/97) Commitment to Another District

G-AO 472 (Rev. 5/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

MIDDLE _____  District of _____ FLORIDA

## JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

V.

XIOMARA HENAO
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 3:05-M-0059-TEM

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed     that is
    ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    ☐ an offense for which the maximum sentence is life imprisonment or death.
    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.
    § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense
    X for which a maximum term of imprisonment of ten years or more is prescribed in   21 U.S.C. §§846 & 841(a)(1)
    ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.

X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence ☐ a preponderance of the evidence  that

### SEE ATTACHED FINDINGS

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

March 4, 2005
Date

Hearing held on: March 2, 2005

*Signature:* Thomas E.
*Signature of Judicial Officer*

Parties notified

THOMAS E. MORRIS, UNITED STATES MAGISTRATE JUDGE
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

## DETENTION FINDINGS - XIOMARA HENAO
## MIDDLE DISTRICT OF FLORIDA MAGISTRATE CASE NO: 05-M-0059TEM

The defendant is charged in two separate indictments from the District of Connecticut, each alleging a conspiracy count and a substantive distribution count under the Controlled Substances Act. In each case, the amount of cocaine allegedly distributed was more than 500 grams, thus, if convicted, the defendant would face mandatory minimum sentences of five years in jail on each of the four counts. The maximum sentence of incarceration could be up to 40 years on each count. Because of the maximum possible sentences, there is a rebuttable presumption under the Bail Reform Act that the defendant should be detained.

The United States proffered statements that the defendant engaged in two separate hand-to-hand deliveries of cocaine to two different confidential informants and a separate instance of receiving payment of a large amount of cash from one of the informants. Thus, the evidence appears strong. Also, the co-defendant in one case has pled guilty and been sentenced.

The United States also proffered that the defendant has been aware of the charges or likelihood of the charges and that an attorney had called the United States Attorney's office in Connecticut about the time of the Indictment (about 18 months ago) and offered to arrange for her surrender. Instead, the United States Marshal's Service had determined she had left Connecticut and moved to Indiana, and subsequently to Jacksonville. When confronted by a Deputy Marshal at the time of her arrest, she had first given a different name, and later acknowledged she knew she was wanted.

The defendant, although a resident alien, has a Colombian passport and has

2

traveled outside the United States. She has little employment history.

Defense counsel called the defendant's sister, Paula Gonzalez, as a possible third party custodian. But Ms. Gonzalez admitted her contact with her sister had only been sporadic in the last couple of years, whenever Ms. Henao would call, and that she had not known where she was living. Counsel indicated Ms. Henao had been threatened by Colombians and had been hiding from them.

Although the defendant has no prior record, there is a risk of flight both to avoid the charges and possible mandatory minimum sentence; to avoid the people who have threatened her, and possible to avoid immigration authorities should she be convicted. In addition, given the quantities of cocaine, and the threats allegedly made, there is a danger to the safety of the community. The rebuttable presumption has not been rebutted.

3